IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON H. FLATTUM,

      Plaintiff,                                 No. CIV S-11-2711 LKK GGH PS

      vs.

STATE OF CALIFORNIA DEPARTMENT
OF CONSUMER AFFAIRS, et al.,           <u>ORDER AND</u>

      Defendants.                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21). Presently before the court are defendant State of California, Department of Consumer Affairs, Board of Accountancy's motion to dismiss, filed February 28, 2012, and noticed for hearing on April 19, 2012, and plaintiff's motion to stay proceedings, filed April 3, 2012, but not noticed for hearing. Having reviewed the motions, the court has determined that oral argument is not necessary, and now issues the following order and findings and recommendations.

<u>BACKGROUND</u>

        The complaint alleges that plaintiff, a former Certified Public Accountant ("CPA") in Washington whose license was suspended due to a criminal conviction, was

improperly denied a license to be a CPA in California. (Compl. at ¶ 4.) The complaint also alleges violations by defendant in the administrative process following the denial, including the allegation that after plaintiff requested a hearing, the California Board of Accountancy ("CBA") offered him a "stipulated settlement offer" to which he was originally amenable, but then was informed by the CBA that it did not wish to settle out of court but preferred a hearing. (Id. at ¶ 12-13.) Plaintiff alleges that the CBA then denied him his right to a hearing based on "time constraints of Section 487." (Id. at ¶ 13.) Plaintiff implies that he relied on the settlement offer which caused the deadline for an administrative hearing to pass. Plaintiff alleges violations of numerous federal criminal statutes, as well as the First, Fifth, Sixth, Eighth and Fourteenth Amendments. He seeks compensatory and punitive damages.

DISCUSSION

By his motion to stay, plaintiff seeks to put this case on hold until after his scheduled June 6, 2012 hearing with the State of California's Office of Administrative Hearings. He claims that this administrative hearing "may resolve all issues presently pending before the Court at this time."

The concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982). While Younger abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages. Gilbertson v. Albright, 381 F.3d 965 (9th

Cir. 2004). A reading of the complaint indicates that Younger abstention is appropriate to the extent plaintiff has a pending state administrative proceeding.

> In Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Supreme Court laid out a three-part test for determining when to apply Younger to a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. 457 U.S. at 432, 102 S.Ct. 2515. To these three threshold requirements, we recently articulated an implied fourth requirement that (4) the federal court action would " 'enjoin the proceeding, or have the practical effect of doing so.' " AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir.2007) (quoting Gilbertson, 381 F.3d at 978).

Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011).

Here, plaintiff's administrative action with the CBA was pending at the time plaintiff filed this action, and is still pending. (Compl. ¶ 13, Mot. for Stay.) Second, the grant or denial of a license to practice accountancy is an important state interest for which a complete set of procedures has been enacted. See Cal. Bus. & Prof. Code § 5070, et seq. Third, plaintiff has the opportunity to raise any constitutional challenges through California's writ of mandate procedure.[1] Saraswati v. County of San Diego, 2010 WL 4569888, *3 (S.D. Cal. Nov. 4, 2010), quoting Kenneally v. Lungren, 967 F.2d 329, 332-33 (9th Cir. 1992) (finding that writ of mandate procedure fulfills Younger's third requirement in providing "meaningful opportunity for [a federal plaintiff] to present his constitutional claims for independent judicial review."). See also Dowden v. City of Sacramento, 40 F. Supp.2d 1146, 1149, n. 1 (E.D. Cal. 1999) (finding plaintiff had adequate opportunity to litigate constitutional claims in judicial proceeding to review administrative ruling). Fourth, for plaintiff to obtain relief in federal court would effectively invalidate the CBA decision and preempt the administrative proceedings now in process, thereby having the effect of enjoining those proceedings.

---

[1] Plaintiff has the burden to show he is barred from raising federal claims in the state court action. Lebbos v. Judges of Superior Court, 883 F.2d 810, 815 (9th Cir. 1989).

1    Although the Younger requirements are satisfied, dismissal of this case is not
2 appropriate because plaintiff seeks damages.  Therefore, the undersigned recommends that the
3 action be stayed as opposed to dismissed.  Although defendant requests dismissal based on
4 Eleventh Amendment immunity, and dismissal on this basis would be correct; see Will v.
5 Michigan Dept. of State Police, 491 U.S. 58, 63-67, 71, 109 S.Ct. 2304 (1989) (states and state
6 officers sued in their official capacity are not considered persons under section 1983 because
7 immune from liability under Eleventh Amendment and doctrine of sovereign immunity);
8 granting dismissal to defendant with leave to amend at this stage of the proceedings would be
9 inappropriate, i.e., it is much more logistically appropriate to dismiss with leave to amend after a
10 stay is lifted, if at all.[2]  For this reason, defendant's motion to dismiss will be vacated without
11 prejudice to its renewal after the stay is lifted.

CONCLUSION

Accordingly, IT IS ORDERED that: the hearing on defendant's motion to dismiss, currently scheduled for April 19, 2012, is vacated.

For the reasons stated herein, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss, filed February 28, 2012, (dkt. no. 18), be denied without prejudice; and

2. Plaintiff's motion to stay proceedings, filed April 3, 2012, (dkt. no. 19), be granted, but only for the reasons stated in this opinion; and

3. This action be stayed until the administrative proceedings in state court are concluded.

\\\\\

---

[2] Indeed, the entire litigation might go away depending on the outcome of the hearing.  In any event, granting leave to amend at this point to name individuals, spending resources to litigate the individual's presence in this lawsuit, with the potential for a Younger stay being enacted at that point as plaintiff travels through the state court system seems highly wasteful and inefficient.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2012

       /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

GGH:076
Flattum2711.fr.wpd