UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON H. FLATTUM,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, et. al.,<br><br>  Defendants. | No. 2:11-cv-2711 LKK GGH PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis against defendants State of California, State of California Department of Consumer Affairs, California Board of Accountancy ("CBA"), Patty Bowers, and Lorrie Yost. Defendant Bowers is the executive officer of the CBA and defendant Yost is the deputy attorney general who represented the CBA regarding plaintiff's application to the CBA for licensure. Presently before this Court is defendants' motion to dismiss plaintiff's second amended complaint ("SAC"), filed April 30, 2013. Having reviewed the motion, the court now issues the following findings and recommendations.

/////

/////

/////

1

BACKGROUND

The SAC alleges that in August of 2010, plaintiff, a former Certified Public Accountant ("CPA") in Washington whose license was suspended due to a criminal conviction, was improperly denied a license to be a CPA in California. ECF No. 26 at 3. Plaintiff was denied his license even after demonstrating his competency by examination in or around October of 2009. Id. Specifically, the SAC alleges procedural violations by defendants in the administrative process following the denial, that defendants published libelous statements about plaintiff online, and that defendants discriminated against plaintiff based on his age. Id.

Plaintiff alleges that he requested a hearing regarding the denial of his application but was not given one within the procedural time limits. Id. After plaintiff informed an "agency enforcement analyst of CBA's violation of the procedural time limits" in April of 2011, the CBA sent him a Statement of Issues and a settlement offer. Id. at 4. Plaintiff claims that the Statement of Issues contains a number of false statements about his character and criminal history, that these statements are injurious to his reputation and career, that defendants knew or should have known the statements were false, and that they published these statements online to third-persons. Id. at 4, 6. Regarding the settlement offer, plaintiff made a counteroffer, but the CBA informed him that it no longer wished to settle out of court but rather preferred a hearing. Id. at 5. This hearing did not take place until June 6, 2012, well after plaintiff filed his original complaint in this court on October 14, 2011. Id.; ECF No. 1. Following the hearing, an Administrative Law Judge ("ALJ") determined that the denial of plaintiff's application was improper, allegedly stating that defendant Bower's representations regarding plaintiff's character and criminal history were "utter nonsense." Id. at 5-6.

In their motion to dismiss, defendants assert that the CBA served plaintiff with an Order of Non-Adoption of Proposed Decision on December 7, 2012. ECF No. 28 at 5. This decision advised plaintiff that the CBA was not adopting the ALJ's proposed decision and that it would make its own decision on the matter. Id. Defendants also assert that on April 15, 2013, the CBA issued a Decision After Non-Adoption of Proposed Decision, denying plaintiff's application, which became effective on May 15, 2013. Id.

Plaintiff claims that because defendants knew their stated reasons for denying and delaying issuing plaintiff a CPA license were "utter nonsense," they were discriminating against him based on his age and injuring his pursuit of employment opportunities. ECF No. 26 at 6. Plaintiff also claims that defendants' "conduct so far exceeds the bounds of that which is expected of public officials that it transcends the rationale supporting any immunities they might otherwise enjoy and was conduct outside their official capacities." Id. Plaintiff seeks monetary relief and an injunction preventing defendants from further delaying the issuance of plaintiff's CPA license. Id. at 7.

DISCUSSION

Defendants move to dismiss this action based on claims of Eleventh Amendment and prosecutorial immunity. ECF No. 28 at 6. Defendants also claim that if the court does not dismiss this case, that Younger abstention is appropriate. Id. at 8; ECF No. 21.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S. Ct. 35, 24 L.Ed.2d 123 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S. Ct. 798, 803, 127 L.Ed.2d 99 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137, 119 L.Ed.2d 351 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.1986). The

1  court need not accept legal conclusions "cast in the form of factual allegations." Western Mining
2  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
3       A pro se litigant is entitled to notice of the deficiencies in the complaint and an
4  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
5  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
6  A.   Eleventh Amendment Immunity
7       The Eleventh Amendment bars federal suits for violations of federal law pursuant to 42
8  U.S.C. § 1983 against a state, its agencies, or its departments for legal or equitable relief, unless
9  the state consents to suit or waives its immunity. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct.
10 2932, 92 L.Ed.2d 209 (1986). The Eleventh Amendment also bars federal suits for violations of
11 federal law against state officials sued in their official capacities for damages and other
12 retroactive relief. Quern v. Jordan, 440 U.S. 332, 337, 99 S. Ct. 1139, 1143, 59 L.Ed.2d 358
13 (1979); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir. 1992). Furthermore, the Eleventh
14 Amendment bars federal suits against a state, its agencies, or its departments for violations of
15 state law, regardless of the relief sought, unless the state consents to suit. Pennhurst State School
16 & Hospital v. Halderman, 465 U.S. 89, 100, 106, 120–21, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984);
17 see also United Parcel Service v. California Public Utilities Comm'n, 77 F.3d 1178, 1186 (9th
18 Cir. 1996) (holding that the Eleventh Amendment prohibits federal courts from issuing injunctive
19 relief against state agencies or state officials in official capacities on the basis of state law).
20      The Eleventh Amendment also bars federal suits for violations of state law against state
21 officials sued in their official capacity for retrospective and prospective relief. Halderman, 465
22 U.S. at 100; Pena v. Gardener, 976 F.2d 469, 473 (9th Cir.1992). However, the Eleventh
23 Amendment does not bar federal suits against state officers sued in their official capacities for
24 prospective relief based on an ongoing violation of plaintiff's federal constitutional or statutory
25 rights. Edelman v. Jordan, 415 U.S. 651, 668-69, 94 S. Ct. 1347, 1358, 39 L.Ed.2d 662 (1974);
26 Ex Parte Young, 209 U.S. 123, 159–60, 28 S. Ct. 441, 52 L.Ed. 714 (1908); Central Reserve Life
27 of North America Ins. Co., 852 F.2d 1158, 1161 (9th Cir.1988). Thus, the Eleventh Amendment
28 does not preclude suits against state officials for injunctive relief. See Idaho v. Coeur d'Alene

1    Tribe of Idaho, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L.Ed.2d 438 (1997); Ex Parte Young,
2    209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908).  The underlying purpose of the exception is to
3    allow claims against state officials for violations of federal statutes or the Constitution.
4    Allegheny County Sanitary Authority v. U.S. Environmental Protection Agency, 732 F.2d 1167,
5    1174 (3d Cir.1984); Almond Hill School v. United States Dept. of Agriculture, 768 F.2d 1030,
6    1034 (9th Cir.1985).

7       The Eleventh Amendment does not bar federal suits for violations of federal law against
8    state officials sued in their individual capacities for damages.  Scheuer v. Rhodes, 416 U.S. 232,
9    238, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974).  Nor does it bar federal suits for violations of state law
10   against state officials sued in their individual capacities for damages.  Ashker v. California Dep't.
11   of Corrections, 112 F.3d 392, 394 (9th Cir.1997); Pena v. Gardener, 976 F.2d 469, 473–74 (9th
12   Cir.1992).

13       Eleventh Amendment immunity is also consistent with the general rule that "states or
14   governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes
15   are not 'persons' under § 1983."  Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836,
16   839 (9th Cir.1997) citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304,
17   2311, 105 L.Ed.2d 45 (1989).  State agencies, as mere "arms of the state," are similarly immune
18   from suit in federal court.  See Brooks v. Sulphur Springs Valley Electric Coop., 951 F.2d 1050,
19   1053 (9th Cir.1991); see also Wood v. Sargeant, 694 F.2d 1159, 1161 (9th Cir. 1982).

20       If plaintiff is attempting to allege a civil rights claim under 42 U.S.C. § 1983, this section
21   does not abrogate the states' Eleventh Amendment immunity from suit.  See Quern v. Jordan, 440
22   U.S. 332, 344–45, 99 S. Ct. 1139, 1147, 59 L.Ed.2d 358 (1979).  Accordingly, as a general rule,
23   states cannot be sued in federal court for violating § 1983.  Plaintiff provides no evidence that the
24   California Department of Consumer Affairs, CBA, or State of California waived their Eleventh
25   Amendment protection.  Moreover, plaintiff has failed to identify any evidence of congressional
26   intent to abrogate these defendants' immunity.  Thus, it is clear that any claims asserted by
27   plaintiff against these defendants are wholly barred by the Eleventh Amendment.
28   /////

5

1       However, the Eleventh Amendment does not dismiss plaintiff's claims against defendants
2  Bowers and Yost so readily.  The Ninth Circuit presumes "that officials necessarily are sued in
3  their personal capacities where those officials are named in a complaint, even if the complaint
4  does not explicitly mention the capacity in which they are sued."  Romano v. Bible, 169 F.3d
5  1182, 1186 (9th Cir. 1999) citing Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d
6  1278, 1284 (9th Cir. 1994); Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973
7  n. 16 (9th Cir.1994).  Plaintiff names defendants Bowers and Yost in the SAC.  Furthermore,
8  plaintiff clearly asserts that defendants' conduct was "outside their official capacities."  ECF No.
9  26 at 6.  Thus, plaintiff's action is against defendants Bowers and Yost in their individual
10 capacities.  Notwithstanding Eleventh Amendment immunity, state officials may be sued in their
11 individual capacities for both damages and injunctive relief.  See Hafer v. Melo, 502 U.S. 21, 31,
12 112 S. Ct. 358, 365, 116 L.Ed.2d 301 (1991); Graham, 473 U.S. at 165–67, 105 S. Ct. at 3105–
13 06; Coeur d'Alene Tribe of Idaho, 521 U.S. at 269; Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441,
14 52 L.Ed. 714.  Here, defendants Bowers and Yost are being sued in their individual capacities for
15 monetary damages and thus are not entitled to Eleventh Amendment immunity.

16 B. Common-Law Immunities

17      Officials sued for monetary relief in their individual capacities may be entitled to assert a
18 common-law defense of absolute or qualified immunity.  Generally, prosecutors may assert
19 absolute immunity while executive and administrative officials may assert qualified immunity.
20 Defendants assert that both defendants Bowers and Yost have absolute prosecutorial immunity.
21 ECF No. 28 at 6.

22      The Supreme Court has adopted a "functional approach" to determine whether an official
23 is entitled to absolute immunity.  This approach looks to the nature of the function performed, not
24 the identity of the actor who performed it.  Kalina v. Fletcher, 522 U.S. 118, 127 (1997) quoting
25 Forrester v. White, 484 U.S. 219, 229 (1988); see also Ashelman v. Pope, 793 F.2d 1072 (9th Cir.
26 1986) (en banc) (the classification of the challenged acts, not the motivation underlying them,
27 determines whether absolute immunity applies).
28 /////

1. Defendant Yost

Defendant Yost is a deputy attorney general working in the California Office of the Attorney General. Defendants assert that she represented and advised the CBA throughout the administrative proceedings concerning plaintiff's CPA license application. ECF No. 28 at 8. Plaintiff asserts that her conduct in representing the CBA was "contrary to her obligations as an attorney and outside the scope of her employment as an attorney." ECF No. 26 at 2. Plaintiff also seems to argue that defendant Yost relied on evidence which she knew to contain "vicious and absolute untruths" in continuing "to persist in [defendants'] groundless refusal to issue a CPA license to plaintiff." Id. at 6.

Absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors. Butz v. Economou, 438 U.S. 478, 514-15, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978). The Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors are extended absolute immunity from damages when performing activities closely associated with the judicial process); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). While the prosecutor's quasi-judicial functions are absolutely immune, administrative or investigative functions unrelated to their preparation for and initiation of prosecution are not. Buckley, 509 U.S. at 273. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855 (2009); Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984). In extending absolute immunity to those within administrative agencies who perform prosecutorial and judicial functions, the Supreme Court has recognized that administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court. Butz, 438 U.S. at 513.

In this case, plaintiff does take issue that defendant Yost's conduct occurred outside of her prosecutorial role in the CBA licensure proceedings. Plaintiff's allegations only concern defendant Yost's actions in preparation for and initiation of administrative proceedings, which occurred in the course of her role as an advocate for the CBA. Merely stating that defendant acted outside the scope of her employment as an attorney is insufficient for removing her immunity, as it is her conduct that is relevant to the analysis. Plaintiff's assertion that "state actors should not be able to concoct false evidence in a licensure matter in order to deprive a man of earning an honest living" is not taken lightly by this Court, but charges of falsification of evidence are dismissed on grounds of prosecutorial immunity. ECF No. 33 at 2; Stevens, 608 F.Supp. at 728. As such, the nature of defendant Yost's conduct and the function to which it was performed, as alleged by plaintiff, entitles her to absolute prosecutorial immunity.

2. Defendant Bowers

Defendant Bowers is the executive officer of the CBA. Plaintiff asserts that the Statement of Issues, which was signed by defendant Bowers and published on the CBA website, contained a number of false statements about plaintiff's character and criminal history that she knew were false injurious to his reputation and career. ECF No. 26 at 4. Presumably, plaintiff claims that defendant Bowers is also responsible for the procedural and substantive due process violations as well as the equal protection violations occurring from the time he filed his CPA license applications through the CBA's final denial of his application on May 15, 2013.

Defendants argue that defendant Bowers is entitled to absolute prosecutorial immunity merely because the CBA was responsible for the decision concerning plaintiff's CPA license application. ECF No 28 at 8. There are no claims, from plaintiff or defendants, that defendant Bowers presided over hearings, initiated agency adjudication, or performed functions analogous to judges and prosecutors. Every person who issues an administrative decision is not entitled to adjudicative immunity. Indeed, the person who signed the CBA non-adoption decision was Board President Leslie Lamanna. While Bowers, as Executive Officer of the Board, a type of chief administrative officer, may have presented the issues to the Board, and published the proceedings on the agency website, the undersigned does not find that such activity is analogous

to that of a prosecuting attorney.  Thus, defendant Bowers is not entitled to absolute prosecutorial immunity.

Although defendant Bowers may be entitled to qualified immunity, defendants do not assert the defense and this Court will not do so sua sponte.  Moreover, the undersigned emphasizes that no decision on the merits vis-à-vis Bowers is being intimated here.

C. <u>Younger Absention</u>

Defendants assert that this Court should abstain from proceeding with this case and should issue an order staying the matter until plaintiff provides notice that he has exhausted his remedies at the state level, namely, that his case reviewed through the state administrative mandamus procedure.

The doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim.  See <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); <u>Gibson v. Berryhill</u>, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); <u>Middlesex County Ethic Committee v. Garden State Bar Assn.</u>, 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).  While <u>Younger</u> abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where, as here, there has been a claim for damages.  See <u>Gilbertson v. Albright</u>, 381 F.3d 965 (9th Cir. 2004).  The Supreme Court has held that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).  The Ninth Circuit has articulated an implied fourth requirement, that (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so."  <u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1148–49 (9th Cir. 2007).

Here, plaintiff's administrative action with the CBA is no longer pending.  ECF No. 28 at 10. Defendant seems to argue that abstention is requirement simply because plaintiff has the opportunity to raise a constitutional challenge through California's writ of mandate procedure.

9

Id. This argument is unsustainable. There is no allegation of an ongoing proceeding that implicates state interests and would be enjoined by an action of this Court. Thus, there is no basis for this Court to stay the present action.

As far as defendant argues that plaintiff must exhaust his remedies at the state court level, this argument too must fail. In the absence of a statutory provision to the contrary, it is not necessary to exhaust administrative remedies before commencing a § 1983 action. Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 523, 110 S. Ct. 2510, 2524-25, 110 L.Ed.2d 455 (1990); Patsy v. Bd. of Regents, 457 U.S. 496, 516, 102 S. Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

CONCLUSION

For the reasons stated herein, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss, filed April 30, 2013, (ECF No. 28), be GRANTED IN PART as it pertains to defendants State of California, State of California Department of Consumer Affairs, California Board of Accountancy, and Lorrie Yost; and

2. Defendants' motion to dismiss, filed April 30, 2013, (ECF No. 28), be DENIED as it pertains to defendant Patti Bowers; and

3. Defendants' motion to stay this action be DENIED; and

4. Defendants file an answer to plaintiff's second amended complaint within 28 days if these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are

/////
/////
/////
/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 10/24/13

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH 33: flat2711.mtd.2.ord.fr